UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARKEICH JOHNSON,

    Petitioner,

v.

BEVERLY HASTINGS et al.,

    Respondents.

Civil Action No. 13-0305 (KM)

**MEMORANDUM OPINION AND ORDER**

    The Clerk has received Petitioner's application ("Petition") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See ECF Docket Entry No. 1. The following facts appear from the face of the Petition and an attachment thereto. I have checked them against public court filings when possible, and will revise as necessary in light of documents received from Respondent:

1. In 2004, Petitioner was convicted by the Superior Court of New Jersey, Law Division..

2. Petitioner's conviction was affirmed, but the Supreme Court of New Jersey remanded for resentencing, which took place on January 4, 2007. It does not appear that Petitioner took an appeal from the judgment entered after his resentencing.

3. On or about October 6, 2008, Petitioner filed an application in state court for post-conviction review ("PCR"). The claims in the PCR application were dismissed as procedurally barred. The Appellate Division affirmed this dismissal, 2011 WL 2799651

(Jul 19, 2011) (No. A-2376-08T3). The Supreme Court of New Jersey denied certification on January 19, 2012. State v. Johnson, 209 N.J. 99 (2012).

4. Nearly one year later, on or about January 3, 2013, Petitioner submitted this habeas Petition to this Court.[1] The foregoing information suggests that this habeas Petition is untimely.

5. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That 1-year period begins to run when the underlying criminal judgment becomes "final," either by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); see U.S. Sup. Ct. R. 13. Here, Petitioner was resentenced on January 4, 2007, and judgment was presumably entered on or about that date. The 1-year AEDPA limitations period began to run 45 days after that date, i.e., on

---

[1] Pursuant to the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011). To benefit from this rule, "the inmate is required to make a declaration that sets forth the date of deposit and that first-class postage has been prepaid." Nara v. Frank, 264 F.3d 310, 315 n.3 (3d Cir. 2001), overruled on other grounds by Carey v. Saffold, 536 U.S. 214 (2002).

Jenkins v. Superintendent of Laurel Highlands, _ F.3d _, 2013 U.S. App. LEXIS 1064, at *4-5, n.2 (3d Cir. Jan. 15, 2013). See also Fed. R. App. P. 4(c). Petitioner made no such declaration, but his Affidavit of Service, ECF Docket Entry No. 1-2, was executed on January 3, 2013. For present purposes, I give him the benefit of that date.

    or about February 19, 2007. That is when his time to appeal the resentencing expired and his conviction became final. See N.J. Ct. R. 2:4-1(a) & Comment 2.2 (45-day deadline to appeal from criminal conviction).

6.    The AEDPA 1-year period of limitation is subject to statutory tolling. The running of the limitation period is suspended during any period when a PCR application is "properly filed" and "pending" before the state courts. Tolling, however, does not revive a habeas petition if the federal limitations period expired before the PCR filing; in such a case, there is no unexpired limitations period to toll or suspend. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004). Here, Petitioner's AEDPA period started running on February 19, 2007, and expired on February 18, 2008. Thus when Petitioner filed his state PCR seven months and twenty days later, on October 6, 2008, the time to file his federal habeas petition under AEDPA had already expired long ago. The filing of the PCR could not suspend the running of a time period that had already run. And added to that delay was another delay of nearly twelve months between the Supreme Court of New Jersey's denial of certification as to Petitioner's PCR and his submission of this habeas Petition on January 3, 2013.

7.    The Petition is therefore facially untimely, and statutory tolling does not save it. It must be dismissed unless Petitioner establishes a valid basis for equitable tolling.

8.    A prisoner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace, 544 U.S. at 418).

Jenkins, __F.3d at __, 2013 U.S. App. LEXIS 1004 at *19-21 (footnotes omitted). Equitable tolling is granted sparingly; ordinary neglect is not sufficient to invoke it. See id.

9. The Petition, even on its face, appears to rule out statutory tolling and nothing in it suggests a basis for equitable tolling. Nevertheless, given the incompleteness of the record, I will request that Respondent serve a Limited Answer, confined to the issue of timeliness. Petitioner will have the opportunity to respond and state any facts or arguments suggesting that his Petition is timely or that its untimeliness should be excused under equitable principles.

IT IS therefore, this 25th day of January, 2013,

ORDERED that the Clerk shall serve copies of the Petition and all documents docketed in this matter, as well as this Memorandum Opinion and Order, upon the warden of Petitioner's place of confinement and upon the Attorney General of the State of New Jersey, by regular U.S. mail and, in addition, by means of electronic delivery to the Attorney General of the State of New Jersey; and it is further

ORDERED that Respondents shall serve upon Petitioner and file a Limited Answer to the Petition. Such filing and service shall be executed within 45 days of the entry of this Memorandum Opinion and Order. Respondents' Limited Answer shall address solely the issue of timeliness of the Petition; and it is further

ORDERED that Respondents shall attach, as exhibits to the Limited Answer, all relevant briefs, opinions and dispositive orders relating to the issue of timeliness of the Petition, see 28 U.S.C. § 2254 Rule 5(d); and it is further

ORDERED that the Limited Answer shall contain an index of exhibits. The index shall refer to each exhibit docketed by Respondents by using the docket entry of each exhibit, as these docket entries are made in the instant matter; and it is further

ORDERED that Respondents shall file their Limited Answer, the exhibits, and the index of exhibits electronically; and it is further

ORDERED that, within 45 days from being served with Respondents' Limited Answer, Petitioner may file with this Court and serve upon Respondents his traverse (which traverse, if filed, shall be deemed a supplement to the Petition). It is recommended that Petitioner's traverse focus on relevant facts and arguments bearing on the issues of timeliness and equitable tolling – for example, the reasons, if any, why Petitioner could not have filed this habeas petition within one year of his State conviction becoming final; and it is further

ORDERED that, within 15 days from being served with Petitioner's traverse, Respondents may, if they desire, file and serve upon Petitioner a surreply; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

_____
**Kevin McNulty**
**United States District Judge**

5