UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARKEICH JOHNSON, | |
| Petitioner, | Civ. No. 13-0305 (KM) |
| v. | OPINION |
| BEVERLY HASTINGS, et al., | |
| Respondents. | |

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

The petitioner, Markeich Johnson, is a state prisoner at the East Jersey State Prison in Rahway, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 2003, Mr. Johnson was convicted by a jury of several counts, including weapons possession, robbery and kidnapping. After an appeal and remand, he received a revised sentence of fifty years' imprisonment with an eighty-five percent parole ineligibility. In this federal habeas petition, Mr. Johnson raises claims of ineffective assistance of counsel. For the following reasons, the habeas petition will be denied as untimely.

### II. BACKGROUND

Mr. Johnson was convicted after a jury trial in 2003 and sentenced in 2004. On July 27, 2005, the New Jersey Superior Court, Appellate Division, affirmed the judgment of conviction on direct appeal. (*See* Dkt. No. 4-10.) Mr. Johnson filed a petition for certification with the New Jersey Supreme Court. On August 6, 2006, that Court granted certification on the issue of sentence only. (*See* Dkt. No. 4-14.) The matter was remanded for resentencing.

1

On January 4, 2007, the trial court resentenced Mr. Johnson to a term of fifty years' imprisonment with an eighty-five percent parole ineligibility. Mr. Johnson did not appeal from that judgment and resentencing.

On October 6, 2008, Mr. Johnson, through his then-counsel, Nina Rossi, Esq., filed an application for post-conviction relief ("PCR") in the Superior Court of New Jersey, Hudson County. That PCR petition raised two issues of ineffective assistance of counsel: (1) defense counsel's failure to object when the trial court erred in instructing the jury that they had to agree on all five counts; and (2) defense counsel's failure to object when an imitation handgun was repeatedly referred to as a "handgun" or a "semi-automatic." (*See* Dkt. Nos. 4-17 & 4-18.) On December 1, 2008, the Superior Court denied Mr. Johnson's PCR petition in a written opinion and order. (*See* Dkt. No. 4-21.)

Mr. Johnson appealed that denial of PCR to the Appellate Division. The Office of the Public Defender entered an appearance on his behalf. He filed a motion for a temporary remand to supplement the record, which the Appellate Division granted on November 6, 2009. (Dkt No. 4-26) On remand, Mr. Johnson amended his PCR to raise several additional claims of ineffective assistance of counsel. On September 15, 2010, the Superior Court denied the PCR petition. (Dkt. Nos. 4-35 & 4-36.) Mr. Johnson again appealed. On July 19, 2011, the Appellate Division affirmed the denial of PCR. (Dkt. No. 4-48.) On January 19, 2012, the Supreme Court of New Jersey denied certification. (Dkt. No. 4-53.)

On January 3, 2013, Mr. Johnson filed his § 2254 habeas petition in this Court.[1] I ordered respondent to file a limited answer on the issue of the timeliness. Johnson filed a reply.

---

[1] I adopt the date on Mr. Johnson's affidavit of service as the date of filing. *See Page v. Bartkowski*, No. 11-2558, 2014 WL 1942357 at *5 n.2 (D.N.J. May 14, 2014) ("Pursuant to the prisoner 'mailbox rule,' a petitioner's court filing is deemed filed on the date he delivered it to prison officials for mailing.") (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)).

2

## CHART OF MAJOR CASE EVENTS

| Date of event | Description |
|---|---|
| 2003 to 1/4/2007 | Original conviction, direct appeal, and remand for resentencing |
| 1/4/2007 | Resentencing |
| 2/19/2007 | Time to appeal from resentencing expires without appeal being taken. Conviction final, triggering one-year AEDPA limitations period. |
| 2/19/2007 to 1/19/2008 | 11 month period of non-communication with attorney Rossi (assumed *arguendo* to fall entirely within AEDPA period) |
| 1/19/2008 to 10/6/2008 | Additional 8 ½ months elapsed until Rossi files PCR |
| 10/6/2008 | PCR filed |
| 11/6/2009 | Superior Court, Appellate Division, grants limited remand to supplement record on PCR. |
| 9/15/2010 | Trial court, on remand, denies PCR as supplemented |
| 7/19/2011 | Appellate Division affirms denial of PCR |
| 1/19/2012 | Supreme Court of NJ denies certification petition |
| 1/3/2013 | This federal habeas petition filed |

### III.  DISCUSSION

A. <u>Statute of Limitations</u>

Mr. Johnson's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year[2] time limit for a prisoner to challenge his state conviction and sentence through a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). That one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Mr. Johnson was resentenced on January 4, 2007. His deadline to file a direct appeal was February 19, 2007. *See* N.J. Ct. R. Rule 2:4-1(a) (appeal from final judgment must be filed within 45 days of entry). When that deadline expired without Mr. Johnson's having filed a direct appeal, his conviction became final. The one-year AEDPA limitations period therefore began to run on February 19, 2007. Unless tolled, the period would have expired by February 19, 2008, nearly five years before this petition was filed.

---

[2]  For ease of calculation or comparison, I sometimes refer to the one year AEDPA period as a 12 month period. Any arguable distinction between one year and 12 months would not affect the result here.

4

B. <u>Statutory Tolling</u>

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In other words, AEDPA's statute of limitations is suspended while a "properly filed" collateral attack remains pending in the state courts. That exclusion of time is known as "statutory tolling."

As described above, Mr. Johnson's state conviction became final on February 19, 2007. He filed his first PCR petition over eighteen months later, on October 6, 2008. If the AEDPA limitations period had still been running, that PCR filing would have suspended it. As of October 6, 2008, however, the one year AEDPA limitations period had *already* run. The conviction did become final on February 19, 2007, and for 18 months thereafter there was no suspensory appeal or collateral attack filed.

The federal habeas petition had to be filed within 12 months, not 18 months. Statutory tolling cannot save this habeas petition because it was already six months late when the PCR petition was filed. *See Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *5 (E.D. Pa. Feb. 3, 2013) (petitioner's PCR petition was filed after the expiration of AEDPA's one-year clock making statutory tolling inapplicable) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)), *report and recommendation adopted by*, 2013 WL 943356 (E.D. Pa. Mar. 11, 2013); *Shoatz v. Diguglielmo*, No. 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("Because all of petitioner's subsequent PCRA petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition."). Absent some other basis for tolling, the habeas petition is untimely.

C. <u>Equitable Tolling</u>

Equitable tolling is another possible means of preserving an otherwise-untimely habeas petition. AEDPA's statute of limitations is subject to equitable tolling in an appropriate case. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

> "There are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon* [*v. Mahoney*], 654 F.3d [385,] 399 [(3d Cir. 2011)]. In *Holland*, however, the Supreme Court emphasized that in considering whether there could be equitable tolling, courts should favor flexibility over adherence to mechanical rules. 130 S. Ct. at 2563. In this regard, "the particular circumstances of each petitioner must be taken into account," *Pabon*, 654 F.3d at 399, and each decision made on a "case-by-case basis." *Holland*, 130 S. Ct. at 2563 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)). Thus, [a court] must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S. Ct. at 2563 . . . . [E]quitable tolling is appropriate when principles of equity would make the rigid application of a limitation period unfair, but . . . a court should be sparing in its use of the doctrine.

*Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." *Id.* (citing *Holland*, 130 S. Ct. 2565) (footnote omitted). The petitioner must have exercised reasonable diligence with respect to both the exhaustion of state remedies and the filing of the federal habeas petition. *See id.* (citations omitted). "A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the

case." *Id.* (citing *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004); *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011)). That a petitioner may be proceeding *pro se* "does not insulate him from the 'reasonable diligence' inquiry." *Id.* at 799-800.

Mr. Johnson seeks equitable tolling based on alleged negligence or abandonment by his former attorney, Ms. Rossi, who delayed filing his PCR petition for eighteen months, from January 2007 until October 2008. From time to time, Ms. Rossi allegedly met with Mr. Johnson face-to-face or by video, but she also allegedly fell ill and could not be reached for eleven months. I will make the assumption, favorable to Johnson, that the entire eleven month period of non-communication occurred during the relevant AEDPA period. His federal habeas petition is nevertheless untimely.

    i.    *Attorney Abandonment*

One possible ground for tolling is that Mr. Johnson's attorney, Ms. Rossi, was unavailable for 11 months because of illness. Attorney abandonment can constitute an extraordinary circumstance that warrants equitable tolling. *Cf. Maples v. Thomas*, 132 S. Ct. 912, 924 (2012) (noting that attorney abandonment constitutes extraordinary circumstance to show cause under procedural default); *see also Seitzinger*, 165 F.3d at 238 (stating that attorney abandonment can justify equitable tolling). Mr. Johnson claims that Ms. Rossi went AWOL during 2007 and 2008, but does not give specific dates. I will assume for purposes of argument (though it does not change the result) that Ms. Rossi abandoned Mr. Johnson on the day that his AEDPA statute of limitations began to run on February 19, 2007, and remained out of contact until January 19, 2008, eleven months later. Mr. Johnson's PCR petition was not filed until approximately 8½ months after that, on October 6, 2008.

I will further assume that Mr. Johnson could show reasonable diligence. On the most favorable set of assumptions, then, 8½ months of the AEDPA period ran *before* the PCR was filed on October 6, 2008. The filing of the PCR then suspended the AEDPA one-year limitation period. The AEDPA deadline stopped running for the duration of the PCR proceedings.

After the New Jersey Supreme Court denied certification on Mr. Johnson's PCR appeals on January 19, 2012, the AEDPA period began to run again. At that time, 3½ months of the AEDPA period remained (*i.e.*, the original 12 months minus the 8½ months that had already run before the filing of the PCR.) Mr. Johnson did not file his federal habeas petition until 11½ months later, on January 3, 2013. Mr. Johnson makes no argument that he is entitled to equitable tolling for any part of that 11½ month period *following* the completion of his PCR appeals.

Adding the 8½ pre-PCR months to the 11½ post-PCR months yields a total of 20 months. Giving Mr. Johnson maximum credit for Ms. Rossi's alleged abandonment, his federal habeas petition was still filed well beyond the 12-month AEDPA statute of limitations.

ii.     *Attorney Negligence*

Mr. Johnson has filed this habeas petition *pro se,* and the decision when to file it was his. He asserts, however, that the AEDPA period should be tolled because his late filing of the habeas petition is attributable to Ms. Rossi's negligence.

"Generally, an attorney's delinquency is chargeable to a client and is not a basis for equitable tolling." *Cristin v. Wolfe*, 168 F. App'x 508, 511 (3d Cir. 2006) (not precedential) (citing *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 237 (3d Cir. 1999); *Schlueter*, 384 F.3d at 76). At any rate, Mr. Johnson must show that he himself was reasonably diligent. *See* pp. 5-6, *supra*.

8

Mr. Johnson and his family were allegedly unable to contact Ms. Rossi for 11 months in 2007- 2008. As described above, however, even if this 11 month period is equitably tolled, the habeas petition remains untimely. Rossi filed the PCR when, at a minimum, 8 ½ months of the AEDPA period had run. If that was negligence, it was not negligence that caused the habeas petition to be untimely. As explained above, giving maximum credit to all of Mr. Johnson's allegations and contentions, when the denial of PCR became final on January 19, 2012, 3½ months of the AEDPA period remained. As of then, no rights had been lost.

In addition, when the PCR appeals were finally denied, Ms. Rossi had long ceased representing Mr. Johnson. On the Appellate Division motion to remand, the Public Defender entered an appearance (although the motion itself was filed *pro se*). In the PCR proceedings on remand, Johnson was represented by Salvatore C. Adamo, Esq., designated counsel, presumably at State expense. On appeal from denial of the amended PCR, Johnson was represented by designated counsel Michael C. Kazer, Esq. Kazer also represented Johnson on the petition for certification, the denial of which resumed the running of the 3½ months remaining under the AEDPA statute of limitations.

Any post-PCR acts or omissions, whether negligent or not, obviously cannot be attributed to Rossi, who no longer represented Johnson. True, the time between the judgment of conviction and the filing of the PCR was counted against the AEDPA period—but that is always true. Unless the PCR is filed the same day as the judgment of conviction (a highly unlikely scenario), *some* period of time will always be lost. There is nothing ineffective *per se* about that period's having been 8½ months (once I have excluded the 11-month period of illness, as urged by

petitioner). Once the PCR was denied, ample time (3½ months) remained to meet the habeas AEDPA deadline.[3]

Mr. Johnson, now *pro se*, nevertheless waited nearly a year to file his habeas petition. No particular reason appears. He might have been mistaken as to the law; he might have thought that the full one-year AEDPA period had restarted, or that it began to run from the final denial of PCR. Such a mistake as to the deadline, however, is not grounds for equitable tolling. That is true when the mistake is made by the attorney. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary circumstances' required for equitable tolling." *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) (citations omitted); *see also Johnson v. Hendricks*, 314 F.3d 159, 160 (3d Cir. 2002) (holding that statute of limitations is not equitably tolled when prisoner relies on erroneous advice of counsel as to when petition is due). And it is no less true when the mistake is made by the client. *See Ross*, 712 F.3d at 799-800; *see also Morla v. Phelps*, No. 08-0840, 2009 WL 3205935, at *4 (D. Del. Sept. 28, 2009) ("to the extent Petitioner made a mistake in computing the relevant deadlines under the AEDPA's statute of limitations, that mistake does not justify equitably tolling the limitations period.") (citations omitted).

In any event, counseled or not, Mr. Johnson must demonstrate reasonable diligence to obtain the benefit of equitable tolling. He does not allege that he made any effort to file his *pro se* habeas petition within the 3½ months of post-PCR time that remained.[4]

---

[3] As for the State-funded attorneys who represented Johnson in the PCR proceedings, there can be no allegation or contention that they should have pursued federal habeas relief. So far as I am aware, the State does not fund the retention of counsel for that purpose. And in fact Mr. Johnson filed his federal habeas petition *pro se*; the timing of that petition was his own decision.

[4] For that matter, Mr. Johnson fails to allege that he was reasonably diligent during the *pre*-PCR period. Setting aside the excluded 11 months, there remained 8½ months when he presumably could have been in touch with Ms. Rossi and at least attempted to accelerate her filing of the PCR. Mr. Johnson states

10

For all these reasons, equitable tolling based on alleged attorney negligence will be denied.

    iii.    *Attorney's Affirmative Misrepresentation*

Although Mr. Johnson makes no such explicit claim, I will analyze whether he has shown other extraordinary circumstances that would warrant equitable tolling. In non-capital cases, the Third Circuit has found such extraordinary circumstances where an attorney actually lied to a client about having filed a pleading. In that situation, a petitioner might be lulled into thinking that his position was secure. *See Seitzinger*, 165 F.3d at 242 (attorney's false statement to client that he had filed the complaint, coupled with plaintiff's extreme diligence in pursuing claim, justified equitable tolling). That situation is to be distinguished, however, from the more common allegation that an attorney promised to do something but failed to do it. *See Schlueter*, 384 F.3d at 76 (no equitable tolling based on allegation that attorney told his client that he anticipated filing an PCR petition but did not do so); *see also Stromberg v. Varano*, No. 09-0401, 2012 WL 2849266, at *4 (E.D. Pa. July 11, 2012) ("[T]he Third Circuit has recognized that there is a stark difference between a plaintiff who is misled by what the attorney say[s] he ha[s] done, and a plaintiff who is misled by what [his attorney] said he would do. When an attorney represents his intent to file something on his client's behalf, but does not ultimately do so, it does not necessarily give rise to extraordinary circumstances.") (internal quotation marks and footnotes omitted).

Mr. Johnson does not allege that Ms. Rossi ever told him that she *had* filed his PCR (which, if it had occurred, might have led him to believe that the AEDPA period was suspended). To the contrary, he alleges that Ms. Rossi abandoned him or was negligent in filing the PCR

---

that he lost his property in a 2006 fire, but that would not excuse his failure to be reasonably diligent in 2007-08, when he was in touch with Ms. Rossi, or 2012-13, when she was no longer representing him.

11

petition so tardily. The cases involving affirmative attorney misrepresentations, then, do not support equitable tolling here. *See Schlueter*, 384 F.3d at 76 (differentiating between attorney who misrepresented that he filed a complaint from attorney who said he anticipated filing PCR petition for determining whether extraordinary circumstances have been shown for equitable tolling purposes); *Stromberg*, 2012 WL 2849266, at *4 (E.D. Pa. July 11, 2012) ("Petitioner, in this case, simply asserts that his attorney assured him that he was working on the case, but does not assert any act of 'affirmative misrepresentation,' so as to prove extraordinary circumstances."); *Griffin v. Pennsylvania*, No. 10-4570, 2011 WL 2784658, at *2 (E.D. Pa. July 11, 2011) ("[I]n the absence of an affirmative misrepresentation, the conduct of petitioner's attorney does not constitute an extraordinary circumstance which would warrant equitable tolling.); *Skelton v. Ricci*, No. 09-0234, 2011 WL 1402687, at *7 (D.N.J. Apr. 13, 2011) ("[T]he factual circumstances in this case do not show affirmative misrepresentations as found in *Seitzinger*, that would be sufficient to invoke equitable tolling on plain attorney neglect.").

  *iv.*  *Effect of* Holland v. Florida

I consider also whether *Holland v. Florida*, 560 U.S. 631 (2010), implies that Mr. Johnson may have alleged extraordinary circumstances, even absent an affirmative misrepresentation by his attorney. In *Holland*, the Supreme Court rejected Eleventh Circuit law that rigidly required a petitioner to show bad faith, dishonesty, divided loyalty or mental impairment on the part of his attorney. *See id.* at 644, 653. At the same, time, however, *Holland* reaffirmed that garden-variety negligence is not enough:

> We have previously held that "a garden variety claim of excusable neglect," *Irwin*, 498 U.S., at 96, 111 S.Ct. 453, such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, *Lawrence, supra*, at 336, 127 S.Ct. 1079, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct.

12

*Id.* at 651-52.

*Holland,* a capital case, summarized the conduct of Collins, the petitioner's attorney, as follows:

> Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 652. The Supreme Court did not squarely hold that this was misconduct justifying equitable tolling. It does not appear Collins, the attorney, made any affirmative misrepresentation to Holland, his client. The Court noted, however, that these facts went beyond ordinary attorney negligence and remanded the matter for further consideration under the proper legal standard.

Judge Wigenton of this Court recently noted that *Holland* may be distinguishable as a capital case. In her view, it is "not clear whether [*Holland*] should be read as overruling the Third Circuit's requirement that an attorney make an affirmative misrepresentation in order to constitute extraordinary circumstances in non-capital cases." *McClain v. Warren,* No. 11-7093, 2014 WL 2805112, at *5 (D.N.J. June 20, 2014) (citing *McFarlane v. Gillis,* No. 01-1657, 2011 WL 129212, at *15 (E.D. Pa. Jan. 14, 2011)); *see also Wright v. Collins,* No. 12-2414, 2014 WL 221954, at *3 n.5 (E.D. Pa. Jan. 21, 2014) (noting that it is not clear whether *Holland* overrules the Third Circuit's requirement that an attorney make an affirmative misrepresentation in order to constitute extraordinary circumstances in non-capital cases); *Griffin v. Penna,* No. 10-4570,

2012 WL 3205482, at *6 (E.D. Pa. June 14, 2012) ("*Holland* was a capital case, and the extent to which it applies to non-capital cases is unclear.").

I need not definitively decide that issue of law, however. If the 11 month period of Ms. Rossi's illness is excluded—and I have assumed that it is—Ms. Rossi filed the PCR within 8½ months after final judgment. That PCR filing suspended the running of the AEDPA period. When the PCR was finally decided, 3½ months of the AEDPA period remained unexhausted. I may even assume that counsel's sluggish conduct was negligent in some manner, in that it shortened the AEDPA deadline that Johnson would eventually be required to meet. I find, however, that this conduct does not go beyond the garden-variety negligence that does not amount to an extraordinary circumstance. *See Holland,* 560 U.S. at 651; *Seitzinger,* 165 F.3d at 241. And even if it did, Mr. Johnson's application would fail because he does not demonstrate that he, like Mr. Holland, was reasonably diligent.

    v.    *Mental Condition*

Mr. Johnson may intend to rely on his mental condition as a basis for equitable tolling. (*See* Dkt. No. 9 at p. 9.) However, "mental incompetence is not a *per se* reason to toll a statute of limitations." *Nara v. Frank,* 264 F.3d 310, 320 (3d Cir. 2001) (citing *Lake v. Arnold,* 232 F.3d 360, 371 (3d Cir. 2001)), *overruled in part on other grounds by Carey v. Saffold,* 536 U.S. 214 (2002); *see also Champney v. Sec. Pa. Dep't of Corr.,* 469 F. App'x 113, 117 (3d Cir. 2013) (not precedential) ("Mental incompetence is not a *per se* cause for equitable tolling."). "For tolling to be appropriate, 'the alleged mental incompetence must somehow have affected the petitioner's ability to file' a timely action." *Id.* (citing *Nara,* 264 F.3d at 320; *Bolarinwa v. Williams,* 593 F.3d 226, 232 (2d Cir. 2010)). The burden is on the petitioner to give a particularized description of his mental condition's adverse effect upon his capacity to function generally or to pursue his

rights specifically. *See Bolarinwa*, 593 F.2d at 232 (cited with approval in *Champney*, 469 F. App'x at 117). Mr. Johnson does not state what his mental condition is, or describe how it adversely affected his capacity to function or pursue his rights. I note that Mr. Johnson filed *pro se* briefs on his own behalf during the PCR proceedings; indeed, in the Appellate Division he successfully moved *pro se* for a limited remand.

To the extent Mr. Johnson may have intended to rely on his mental condition, I find that he has not sufficiently alleged any facts that would warrant equitable tolling.

For all of the above reasons, equitable tolling is denied. The petition is untimely.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Applying this standard, I determine that a certificate of appealability should not issue in this case.

## V. CONCLUSION

For the foregoing reasons, the habeas petition will be denied as untimely. A certificate of appealability will not issue. An appropriate order will be entered.

Dated: October 10, 2014

_____
KEVIN MCNULTY
United States District Judge